# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Suzanne B. Conlon | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 10 C 6547 | **DATE** | 2/28/2011 |
| **CASE TITLE** | ESTEBAN ALVAREZ v. JESUS ENRIQUEZ *et al.* | | |

**DOCKET ENTRY TEXT**

Defendants' Rule 12(b)(6) motion to dismiss plaintiff's first amended complaint [20] is denied. Defendants shall answer or otherwise respond to the first amended complaint by March 14, 2011. **SEE BELOW FOR DETAILS.**

■[ For further details see text below.]    Notices mailed by Judicial staff.

## STATEMENT

Esteban Alvarez, *pro se*, filed this case against Jesus Enriquez, Michael Howe and the City of Chicago Police Department on October 12, 2010. Alvarez used a form complaint for employment discrimination. On the accompanying civil cover sheet, he stated as the cause of action, "falsely arrested, improperly charged and subjected to excessive force by officers J. Enriquez and M. Howe of the City of Chicago police department." On October 15, 2010, Alvarez, who had retained counsel, filed his first amended complaint against Enriquez, Howe and the City of Chicago asserting claims of false arrest, excessive force and malicious prosecution arising from acts that allegedly occurred on October 11, 2008.

Defendants move to dismiss the first amended complaint, contending the statute of limitations on the false arrest and excessive force claims expired one day prior to the filing of the complaint and, as a result, the court should decline to exercise supplemental jurisdiction over the malicious prosecution claim. In ruling on the motion, the court accepts as true all well-pleaded allegations in the first amended complaint and draws all inferences in Alvarez's favor. *Opp v. Office of the State's Attorney of Cook County*, 630 F.3d 616, 619 (7th Cir. 2010). Because the statute of limitations is an affirmative defense, granting a motion to dismiss on those grounds is generally disfavored. *Mosely v. City of Chicago*, No. 03-4915, 2008 WL 818261, *6 (N.D. Ill. 2008) (Kennelly, J.).

The applicable statute of limitations for § 1983 claims for false arrest and excessive force is two years. *Brooks v. City of Chicago*, 564 F.3d 830, 832 (7th Cir. 2009); *Gonzalez v. Entress*, 133 F.3d 551, 554 (7th Cir.

| | Courtroom Deputy Initials: | AIR |
|---|---|---|

1998). Because October 11, 2010 was a federal holiday (Columbus Day), Alvarez's filing on October 12, 2010 was timely. Fed. R. Civ. P. 6(a)(1)(C). Alvarez's counsel states his client, while acting *pro se*, mistakenly used the form for employment discrimination complaints. The civil cover sheet shows Alvarez attempted to set out his false arrest, excessive force and malicious prosecution claims against defendants. *Guaranty Bank v. Chubb Corp.*, 538 F.3d 587, 593-94 (7th Cir. 2008) (court considered description of cause of action in civil cover sheet). Alvarez amended his complaint once as a matter of course to state the facts underlying his claims. Fed. R. Civ. P. 15(a)(1).

Defendants argue Alvarez's claims of false arrest and excessive force in the first amended complaint do not relate back to his initial complaint, thereby rendering the filing on October 15, 2010 beyond the two-year statute of limitations. The relation back doctrine does not apply where the amended complaint cures pleading deficiencies in the initial complaint regarding the same claims against the same defendants, in this case false arrest, excessive force and malicious prosecution. Fed. R. Civ. P. 15(c)(1)(B). Even if the initial and amended complaints were construed as asserting different claims, the amended complaint arises out of the alleged false arrest of Alvarez by Enriquez and Howe that Alvarez attempted to plead in his initial complaint reflected in the civil cover sheet. *Id.*; *Arreola v. Godinez*, 546 F.3d 788, 796 (7th Cir. 2008). *Pro se* pleadings are to be liberally construed and not dismissed on technical grounds. *Donald v. Cook County Sheriff's Dep't*, 95 F.3d 548, 555 (7th Cir. 1996).

While the initial complaint was lacking in factual allegations to support his claims, the remedy of dismissal with leave to amend is moot. Alvarez amended his complaint three days after filing his initial complaint. Based upon the foregoing, defendants' motion to dismiss is denied.