3014701 - AF/AMK

## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| Esteban Alvarez, | ) | |
| | ) | No.     10CV6547 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Judge Suzanne B. Conlon |
| | ) | |
| City of Chicago Police Officers Jesus | ) | |
| Enriquez and Michael Howe, | ) | |
| and the City of Chicago, | ) | |
| | ) | |
| Defendants. | ) | |

### DEFENDANTS' MOTION FOR JUDGMENT AS A MATTER OF LAW

Defendants, the City of Chicago, Officer Jesus Enriquez, and Officer Michael Howe, for

their Motion for Judgment as a Matter of Law, state as follows:

### I. Nature of the case

On October 11, 2008, Plaintiff, Esteban Alvarez ("Alvarez"), was arrested for unlawful

possession of a gun.  Subsequently, Alvarez brought a Section 42 U.S.C. § 1983 action against

Officer Enriquez and Officer Howe, alleging that the officers falsely arrested him.  Alvarez also

alleges that subsequent to his arrest, while in a police station, Officer Enriquez hit Alvarez's

hand with the gun.   In addition, Alvarez alleges that Officer Enriquez and Officer Howe

maliciously prosecuted him, and that the City is liable under the theory of *respondeat superior*

for the malicious prosecution claim.

### II.     Evidence elicited during trial

On October 11, 2008, Officers Enriquez and Howe worked a midnight shift, from

10:00pm to 6:00am, at the 12th District, conducting routine patrol.  Toward the end of their shift,

at around 4:00a.m., the officers received a report of gang congregation in the area of Alvarez's

arrest and they drove to the area to check it out. Upon approach, Officer Enriquez observed two

male individuals on the sidewalk. Alvarez was wearing a t-shirt that said "Satan Disciples," and

he looked at the officers, bent down, and put an object on the ground. The other male started

running until he disappeared into a nearby house. Officer Enriquez inspected the ground where

Alvarez put the object, and recovered a Ruger model #P93DC, semi automatic handgun. These

facts impacted Officer Enriquez's decision to arrest and to proceed with charges against Alvarez.

The officers placed Alvarez under arrest and transported him to the 12th District police station for

processing.

At trial, Alvarez testified that it was Officer Enriquez who hit Alvarez's hand with the

gun subsequent to his arrest while Alvarez was in custody in the 12th District police station.

There was absolutely no evidence presented that Officer Howe took any part in causing the

alleged violation.

On October 12, 2008, two Complaints were filed against Alvarez: the first complaint

contained charges under Section 720 ILCS 5/24-1.1(a) for possession of a weapon by a

convicted felon; and, the second complaint contained charges under Section 430 ILCS 65/2(a)(1)

for possession of a firearm without having a Firearm Owner's Identification Card. Alvarez's

criminal attorney, Joseph Lopez, testified that attorneys from the Cook County State's Attorney's

Office prosecuted the charges on behalf of the People of the State of Illinois in Alvarez's

criminal case. The evidence presented at trial showed that neither Officer Enriquez nor Officer

Howe actively participated in commencing or continuing the criminal proceedings against

Alvarez, other than preparing the complaints, their reports, and providing truthful testimony at

the State's attorneys' request. The officers neither pressured nor influenced the attorneys to

indict. Nor did the officers make knowing misstatements to the attorneys, or testified

untruthfully.

### III.    Standard for judgment as a matter of law

"[I]n every case, before the evidence is left to the jury, there is a preliminary question for the judge, not whether there is literally no evidence, but whether there is any upon which a jury could properly proceed to find a verdict for the party producing it, upon whom the *onus* of proof is imposed." *Ford v. Childers*, 855 F.2d 1271 (7th Cir. 1988). A Rule 50 movant is entitled to judgment as a matter of law "if a reasonable person could not find that the evidence supports a decision for a party on each essential element of the case, viewing the evidence in the light most favorable to the non-movant." *Campbell v. Peters*, 256 F.3d 695, 699 (7th Cir. 2001).

### IV.    Argument

#### a.    DEFENDANTS ARE ENTITLED TO JUDGMENT AS A MATTER OF LAW ON LIABILITY

##### i.    The officers had probable cause to arrest Alvarez and, therefore, are entitled to judgment as a matter law on Alvarez's false arrest claim.

The existence of probable cause for an arrest is an absolute bar to a Section 1983 claim for false arrest. *Perkins v. Hogan*, 928 F.2d 1135 (7th Cir. 1991). There is no constitutional violation if the defendants had probable cause to arrest a plaintiff. *Id.* A police officer has probable cause to arrest an individual when the facts and circumstances that are known to him reasonably support a belief that the individual has committed, is committing, or is about to commit a crime. *Holmes v. Village of Hoffman Estates*, 511 F.3d 673, 679 (7th Cir. 2007). In assessing probable cause, the court must consider facts as they reasonably appeared to the arresting officer, seeing what he saw, hearing what he heard, and so forth. *Id.* A police officer may exercise common sense and draw upon his training and experience in evaluating the totality of the circumstances confronting him, and a court must likewise make allowance for such judgments in deciding what the arresting officer reasonably might have concluded about the

facts. *Id.*

In *Maldonado v. Pierri*, a plaintiff sued police officers for, *inter alia*, falsely arresting him for possession of a gun. *Maldonado v. Pierri*, 2010 WL 431478 (N.D. Ill. 2010). On the day of the plaintiff's arrest, the police officers received an anonymous tip that a Hispanic male (the plaintiff) in a blue minivan possessed a gun and began driving towards the identified location. *Id.* at *1. From their experience, they knew this location to be a heavily gang-infested neighborhood, increasing their level of suspicion. *Id.* at *6. Upon approach of the minivan, one of the police officers recognized the plaintiff as a gang affiliate who the police officer had seen hanging around with other gang members. *Id.* The police officers handcuffed the plaintiff, searched him and the van, but discovered no weapon. *Id.* at *2. The plaintiff denied that he had any gang affiliations. *Id.* at *1. The court found that the police officers had probable cause to search and to arrest the plaintiff. *Id.* at *6. In so finding, the court reinforced the long-standing proposition that an officer's belief, whether true or reasonably mistaken, of an individual's gang affiliation was relevant to the probable cause analysis. *Id.*

In the present case, the officers had probable cause to arrest Alvarez. The officers testified that they were in the area of Alvarez's arrest investigating a report of gang congregation. The subject area was a well-known area of gang activity. Further, prior to Alvarez's arrest, Officer Enriquez observed Alvarez wearing a t-shirt saying "Satan Disciples," a gang generally known by the officers to use and traffic in unlawful weapons. Officer Enriquez observed Alvarez place an object on the ground, the officers observed an apparent acquaintance take flight, and Officer Enriquez found a weapon in the area where Alvarez had bent down. All of these facts reasonably increased Officer Enriquez's suspicion that the gun belonged to Alvarez. Therefore, Defendants are entitled to judgment as a matter of law on Alvarez's false arrest claim.

### ii. The officers did not maliciously prosecute Alvarez and, therefore, Defendants are entitled to judgment as a matter of law on Alvarez's false arrest claim.

To prove a malicious prosecution claim, a plaintiff must establish: 1) a defendant commenced or continued an original criminal proceeding; 2) the proceeding terminated in the plaintiff's favor; 3) an absence of probable cause for such proceeding; 4) malice; and, 5) damages. *See Holland v. City of Chicago*, 643 F.3d 248, 254 (7th Cir. 2011). The absence of any single element is fatal to a claim. *Id.* Malice is the initiation of a prosecution for any reason other than to bring a party to justice. *Id.* at 255.

In the present case, as explained above, the officers had probable cause to arrest Alvarez. Consequently, probable cause existed for initiating proceedings against Alvarez. Furthermore, at trial, the evidence was presented that the officers did not play a significant role in prosecuting Alvarez. The officers' involvement in prosecution ended once Alvarez's case was forwarded to the Cook County State's Attorney's Office, which exercised its discretion to prosecute Alvarez. In addition, at trial, Alvarez failed to present any evidence to show that his prosecution was motivated by an evil intent to harm him. Therefore, Defendants, Officer Enriquez, Officer Howe, and the City are entitled to judgment as a matter of law on Alvarez's claim for malicious prosecution.

### iii. The officers are protected by qualified immunity.

Courts have recognized that a person's right to damages for violations of constitutional rights conflicts with the need to protect public officials from liability in performing discretionary duties. *Anderson v. Creighton*, 483 U.S. 635, 638 (1987). "Our cases have accommodated these conflicting concerns by generally providing government officials performing discretionary functions with a qualified immunity. . . ." *Id.* The qualified immunity doctrine protects "all but

the plainly incompetent or those who knowingly violate the law." *Malley v. Briggs*, 475 U.S. 335, 341 (1986). The doctrine of qualified immunity protects officers who reasonably but mistakenly believe their actions are lawful. *Anderson*, 483 U.S. at 641. In the context of probable cause, "Qualified immunity applies not only to those officials who correctly determine that probable cause to arrest exists, but also to those governmental officials who reasonably but mistakenly conclude that it does." *Spiegel v. Cortese*, 196 F.3d 717, 723 (7th Cir. 2000). A police officer will be immune to probable cause claims unless "'it is obvious that no reasonably competent officer' would have believed that there was probable cause to arrest." *Spiegel*, 196 F.3d at 723. Although, in an ideal case, qualified immunity will save officers the pains of trial, the protection is nonetheless valuable at this stage of the proceedings. Recognizing the officers' immunity now will spare them the agony of awaiting the verdict, and avoid the risk that the jury may return a verdict contrary to the law.

It is a plaintiff's burden to establish the inapplicability of qualified immunity, and to do so, he must: (1) show a violation of a constitutional right; and, (2) if a constitutional right was violated, show that the "right was clearly established at the time of the alleged violation." *Reynolds v. Jamison*, 488 F.3d 756, 764 (7th Cir. 2007). The court must decide "whether a reasonably competent official would know that the conduct was unlawful in the situation he confronted." *Mustafa v. City of Chicago*, 442 F.3d 544, 548 (7th Cir. 2006). The right alleged to have been violated must be sufficiently clear that a reasonable officer would know that his actions violate that right. *Anderson*, 483 U.S. 635. Where the law is open to interpretation, qualified immunity applies. *Mustafa*, 442 F.2d at 549.

In the present case, even if the Court concludes that Alvarez has presented evidence that could support a finding that the officers did not have probable cause for their actions, qualified

immunity applies, because based upon the facts described above, the officers' mistaken belief that they had probable cause was reasonable. Therefore, qualified immunity applies, and judgment as a matter of law is appropriate.

### iv. Officer Howe did not use excessive force against Alvarez.

Individual defendants are not liable for constitutional violations resulting from the use of excessive force in an arrest if their conduct did not cause the violation. *See Rizzo v. Goode*, 423 U.S. 362 (1976). An affirmative link is required between the conduct directly causing a constitutional violation and individual defendants. *Id.*

In the present case, in his First Amended Complaint, Alvarez alleged that Officer Howe used excessive force against Alvarez. Yet, at trial, Alvarez clearly testified that it was Officer Enriquez who allegedly hit him with the gun subsequent to the arrest. Alvarez admitted that Officer Howe did not use force against him either at the time of the arrest or subsequent to it. As such, no affirmative link exists between Officer Howe and the conduct complained of by Alvarez.

Even if Alvarez had attempted to state a cause of action for failure to intervene in his complaint (which he did not), Officer Howe is still entitled to judgment with respect to Alvarez's claim for excessive force. To succeed with a failure to intervene claim, a plaintiff must establish that a police officer: 1) had reason to know that a fellow officer was to use excessive force or to commit a constitutional violation; and, 2) had a realistic opportunity to intervene to prevent the act from occurring. *LaSalvia v. City of Evanston*, 2011 WL 1456758, at *4 (N.D. Ill. 2011). Alvarez failed to present any evidence that Officer Howe had any reason to know that his fellow officer was to use excessive force against Alvarez. Therefore, Officer Howe is entitled to judgment as a matter of law.

**b.** **D**EFENDANTS ARE ENTITLED TO JUDGMENT AS A MATTER OF LAW ON DAMAGES.

Defendants *do not* concede liability. Nevertheless, Defendants seek judgment as a matter of law with regard to the amount and type of damages Alvarez may be entitled to should the jury find in his favor on liability.

### i. If the officers arrested Alvarez without probable cause, Alvarez is entitled only to damages incurred before *Gerstein*.

Alvarez has alleged only Fourth Amendment violations. A seizure, under the Fourth Amendment, ends at a *Gerstein*[1] hearing. *Reed v. City of Chicago*, 77 F.3d 1049, 1052 (7th Cir. 1996). Thus, damages for a wrongful arrest are limited to those incurred between the seizure and an arrestee's first court hearing. *See Wallace v. City of Chicago*, 440 F.3d 421 (7th Cir. 2006)(*citing Wiley v. City of Chicago*, 361 F.3d 994, 998 (7th Cir. 2004) and *Gauger v. Hendle*, 349 F.3d 354, 363 (7th Cir. 2004). Assuming, *arguendo*, the officers wrongfully arrested Alvarez, Alvarez is entitled to damages only for the time between his arrest and his appearance in bond court the following morning.

Alvarez may argue that this well-established limitation on damages is inapplicable because the officers improperly exerted influence over the prosecutor or made knowing misstatements to the prosecutor. *See Reed*, 77 F.3d at 1053 (*citing Senra v. Cunningham*, 9 F.3d 168, 173 (1st Cir. 1993)); and *Townes v. City of New York*, 176 F.3d 138, 147 (2d Cir. 1999). Any such argument is unavailing. Alvarez has put forth no evidence that the officers improperly attempted to exert influence over the State's Attorney's Office, and Alvarez has presented no evidence that the officers made knowing misstatements to the prosecutor or in their reports. There is no evidence that the officers lied to prosecutors, testified falsely, or withheld exculpatory evidence.

---

[1] A *Gerstein* hearing is a probable cause hearing held after a warrantless arrest. *Reed*, 77 F.3d at 1052 (citing *Gerstein v. Pugh*, 420 U.S. 103, 126 (1975)).

### ii. Alvarez is not entitled to punitive damages.

"A jury may award punitive damages in § 1983 actions if it finds conduct motivated by evil intent or callous indifference to the federally-protected rights of plaintiffs." *Coulter v. Vitale*, 882 F.2d 1286, 1289 (7th Cir. 1989) (*citing Erwin v. County of Manitowoc*, 872 F.2d 1292, 1299 (7th Cir. 1989)). Alvarez has failed to present any evidence that could support a determination that the officers acted with evil intent or callous indifference. The officers therefore request that the Court rule as a matter of law that punitive damages are not recoverable.

WHEREFORE, Defendants, the City of Chicago, Officer Jesus Enriquez, and Officer Michael Howe, respectfully request that this Honorable Court grant their Motion for Judgment as a Matter of Law, along with any further relief this Court deems equitable and just.

> The City of Chicago, Officer Jesus Enriquez,
>  and Officer Michael Howe:
>
>
> By:    /s Anna Kazaz                          
>             One of their attorneys

ALAN L. FARKAS
ANNA KAZAZ
SMITHAMUNDSEN, LLC
150 North Michigan Avenue; Suite 3300
Chicago, Illinois 60601
(312) 894-3200, telephone
(312) 894-3210, facsimile